# United States Tax Court

T.C. Summary Opinion 2023-9

THOMAS LARONN MITCHELL,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 10233-21S.                                    Filed March 14, 2023.

————————

Thomas LaRonn Mitchell, pro se.

*Moenika N. Coleman*, *Christopher S. Kippes*, and *Krista J. Wood*, for respondent.

## SUMMARY OPINION

LANDY, *Special Trial Judge*: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1] Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $7,474 with respect to Mr. Mitchell's federal income tax for taxable year 2018 and an accuracy-related penalty of $1,494.80. After concessions, the issues for decision are whether Mr. Mitchell is entitled to deduct expenses reported on Schedule C, Profit or Loss From Business, consisting of (1) car and truck expenses of $22,499; (2) travel expenses of $11,376; and (3) other

————————

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

expenses of $8,984.[2] The Court concludes that because of lack of substantiation, Mr. Mitchell is not entitled to deduct any of the business expenses in dispute.

## *Background*

Some of the facts have been stipulated in a filed Stipulation of Facts with attached exhibits and are so found. Mr. Mitchell resided in Texas when he petitioned this Court.

During taxable year 2018 (year in issue), Mr. Mitchell was employed by Dallas Independent School District (DISD) and Liberty Mutual Group, Inc. (Liberty), as a school counselor and an insurance salesman, respectively. He worked a 40-hour week between those two jobs. He also performed "business consultant" activities that he reported on Schedule C attached to his 2018 Form 1040, U.S. Individual Income Tax Return. Mr. Mitchell described his "business consultant" activities as "artist development," "studio production consultation," "performance consultation," and "business consultation" in connection with managing gospel and R&B artists. Mr. Mitchell did not report any income from his Schedule C business for the year in issue.

Mr. Mitchell timely prepared and filed a 2018 Form 1040. He reported wages paid by DISD and Liberty totaling $78,180; and a business loss of $49,202, which he reported on Schedule C attached to the 2018 Form 1040. On Schedule C Mr. Mitchell deducted $22,499 in car and truck expenses, $11,376 in travel expenses, and $8,984 in other expenses. He claimed a refund of $5,991 on his 2018 Form 1040. Respondent selected Mr. Mitchell's return for examination, and a notice of deficiency was issued on December 28, 2020, on the basis that Mr. Mitchell failed to provide satisfactory substantiation to support the deducted expenses.

A trial was held on January 24, 2022. To substantiate his deductions claimed on Schedule C, at trial Mr. Mitchell provided a mileage log dated January 1 through August 1, 2018; vehicle mechanical service receipts; a Texas vehicle inspection report; 14 advertisement receipts totaling $8,200; and 20 hotel receipts for travel expenses totaling $2,635.19. At the conclusion of the trial, we set a briefing schedule. Respondent timely filed his opening brief on April 11, 2022.

---

[2] Respondent concedes that Mr. Mitchell is entitled to the student loan interest deduction of $42, and he is not liable for the section 6662(a) accuracy-related penalty. The parties agree the remaining proposed adjustments are computational.

Mr. Mitchell failed to file a brief, and we could rule against him for that reason. *See* Rule 123(b). Nonetheless, we decide this case on the merits.

*Discussion*

I.      *Burden of Proof*

The Commissioner's determinations of a taxpayer's liability in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that the determinations are incorrect. *See* Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). The taxpayer bears the burden of proving his entitlement to any deduction claimed. *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934). Further, Mr. Mitchell does not assert, and the evidence does not establish, that the burden of proof should shift to respondent. *See* § 7491(a).

II.     *Governing Legal Principles*

Section 162(a) allows a deduction for ordinary and necessary business expenses paid or incurred during the taxable year in carrying on any trade or business. *See Commissioner v. Lincoln Sav. & Loan Ass'n*, 403 U.S. 345, 352 (1971). A taxpayer must substantiate deductions claimed by keeping and producing adequate records to enable the Commissioner to determine the taxpayer's correct tax liability. § 6001; *Hradesky v. Commissioner*, 65 T.C. 87, 89–90 (1975), *aff'd per curiam*, 540 F.2d 821 (5th Cir. 1976); *Roberts v. Commissioner*, 62 T.C. 834, 836 (1974).

A taxpayer claiming a deduction on a federal income tax return must demonstrate that the deduction is allowable pursuant to a statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. § 6001; *Hradesky*, 65 T.C. at 89–90; *Roberts*, 62 T.C. at 836. Failure to keep and present such records weighs heavily against a taxpayer's attempted proof. *Rogers v. Commissioner*, T.C. Memo. 2014-141, at *17.

Section 274(d) prescribes stringent substantiation requirements to be met before a taxpayer may deduct certain categories of expenses, including travel and listed property such as any passenger automobile. *See* § 280F(d)(4)(A)(i); *Sanford v. Commissioner*, 50 T.C. 823, 827–28 (1968), *aff'd per curiam*, 412 F.2d 201 (2d Cir. 1969); Treas. Reg. § 1.274-5(c)(2)(iii); Temp. Treas. Reg. § 1.274-5T(a).

To satisfy section 274(d), a taxpayer generally must maintain adequate records or produce sufficient evidence corroborating his own statement, which, in combination, are sufficient to establish the amount, time and place, business purpose, and business relationship for each expenditure. Temp. Treas. Reg. § 1.274-5T(b)(2), (6), (c)(1). Temporary Treasury Regulation § 1.274-5T(c)(2) provides in relevant part that "adequate records" generally consist of an account book, a diary, a log, a statement of expense, trip sheets, or a similar record, made at or near the time of the expenditure or use, along with supporting documentary evidence.

### A. *Car and Truck Expenses*

Mr. Mitchell deducted car and truck expenses of $22,499. To substantiate the expenses, he submitted a mileage log reflecting 81,186 total business miles driven. He also provided receipts for mechanical services from Buckner Car Audio and Garcia Tire One Stop, LLC, to further substantiate deducted car and truck expenses.[3] Respondent disallowed all car and truck expense deductions on the basis that Mr. Mitchell did not comply with the requirements of section 274(d).

Mr. Mitchell testified that the deducted car and truck expenses were incurred to travel to recording studios in furtherance of his business and documented on a contemporaneously prepared mileage log. He testified that he instructed his secretary to create the mileage log, biweekly, using the starting and ending mileage he obtained from Google Maps.

Any deduction claimed with respect to the use of a passenger automobile is disallowed unless the taxpayer can substantiate specified elements of the use by adequate records or by sufficient evidence corroborating the taxpayer's own statement. *See* § 274(d); Temp. Treas. Reg. § 1.274-5T(b)(6), (c)(1). The mileage log shows a beginning odometer reading on January 1, 2018, of 50,000 miles and an ending odometer reading of 132,205 miles on August 1, 2018. Mr. Mitchell claimed that all miles listed were driven for business purposes.

---

[3] Mr. Mitchell testified that the amounts listed on the receipts, as paid, were unclear, and in reviewing the receipts at trial, he could not confirm the amounts deducted. Mr. Mitchell also testified he did not recall the amounts paid when he provided the receipts to respondent.

At trial and on brief, respondent noted the multiple inconsistencies with Mr. Mitchell's mileage log rendering it unreliable.[4] To discredit the mileage log and refute the starting mileage of 50,000, respondent offered copies of Mr. Mitchell's Texas vehicle inspection reports dated October 20, 2017, and November 15, 2018, providing the odometer readings for his vehicle of 182,291 and 204,107, respectively. According to the inspection reports between October 20, 2017, and November 15, 2018, 21,816 miles were driven on the vehicle, far less than the driven miles shown on the mileage log. Mr. Mitchell failed to explain or refute the inconsistencies.

Additionally, there were inconsistencies between the mileage log and the hotel receipts Mr. Mitchell provided. One receipt stated that Mr. Mitchell stayed in Houston, Texas, on June 15, 2018, but the mileage log showed that he was in Charlotte, North Carolina, from June 15 through 20, 2018. Similarly, Mr. Mitchell provided another receipt showing that he stayed in Miami, Florida, on July 10, 2018, but the mileage log showed that he was in Dallas, Texas, from July 8 through 15, 2018. Mr. Mitchell claimed that the discrepancies were due to his artist-clients driving his vehicle for business purposes even though he was not present in the vehicle. We are not bound to accept a taxpayer's self-serving, unverified, and undocumented testimony. *Shea v. Commissioner*, 112 T.C. 183, 188–89 (1999) (citing *Tokarski v. Commissioner*, 87 T.C. 74, 77 (1986)). Mr. Mitchell's testimony is not credible, and the Court finds that no mileage was incurred for a business purpose.

Furthermore, Mr. Mitchell failed to state the business purpose or amount paid to Buckner Car Audio and Garcia Tire One Stop, LLC. Consequently, he has not met his burden to substantiate these deducted expenses. Accordingly, we conclude that he is not entitled to deduct $22,499 of car and truck expenses for the year in issue.

---

[4] For example, on January 1, 2018, 254 miles were reportedly driven; however, the mileage log indicated an odometer starting mileage of 50,254 and an ending mileage of 50,808, an increase of 554 miles. On February 23, 2018, an ending odometer reading of 70,396 was reported, but the starting odometer reading for February 24, 2018, was 69,888. On March 4, 2018, the milage log reported 788 miles were driven, but the starting and ending odometer readings were 74,018 and 74,086, respectively, a difference of 68 miles.

B.    *Travel*

Mr. Mitchell deducted travel expenses totaling $11,376 for the year in issue, all of which respondent disallowed. Mr. Mitchell provided 20 hotel receipts to substantiate his travel expenses; however, the receipts accounted for only $2,635.19 of the travel expenses deducted. At trial, Mr. Mitchell testified that several hotel receipts were for leisure travel rather than business travel. Mr. Mitchell could not recall which remaining receipts were for business or leisure. Further, the hotel receipts he provided were altered. Many of the receipts stated the same total charges incurred, confirmation numbers, room numbers, transaction reference numbers, and a direct bill refund line items.

The Court determines that the receipts have been altered and are simply not credible or reliable. Mr. Mitchell has not met the strict substantiation requirements under section 274(d), and he is not entitled to deduct $11,376 of travel expenses for the year in issue.

C.    *Other Expenses*

Mr. Mitchell deducted other expenses totaling $8,984, all of which respondent disallowed. Mr. Mitchell submitted 14 receipts for radio, newspaper, television, and direct mail advertisement expenses to substantiate the reported other expenses. These receipts totaled $8,200. The receipts were handwritten, partially executed, and displayed receipt numbers that were mostly sequential. Respondent objected to the Court accepting the receipts on the basis of authenticity.

Upon inquiry, Mr. Mitchell was unable to authenticate the receipts or explain the alterations to the receipts. The Court sustained respondent's objection and did not admit the receipts into evidence. Mr. Mitchell failed to provide any other documents or testimony to substantiate the deducted other expenses. We conclude that Mr. Mitchell is not entitled to deduct the $8,984 of other expenses.

We have considered all arguments made by the parties and, to the extent they are not addressed herein, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

*Decision will be entered under Rule 155.*